UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Shaindy Herzl,<br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br>-v.-<br>Global Credit & Collection Corp.<br>Defendants. | Case No.: 3:22-cv-917<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shaindy Herzl brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against defendants Global Credit & Collection Corp. ("Global"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant Global is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Global has a service address c/o C T Corporation System, 208 So Lasalle St, Suite 814, Chicago, IL 60604.

10. Upon information and belief, Defendant Global is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the collection of debts.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant Global sent an initial letter;

    c. attempting to collect a consumer debt;

    d. that states a Principal Balance due;

    e. that includes interest and/or fees assessed by the creditor; and

    f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the defendants and all officers, members, partners, managers, directors and employees of the defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.   Plaintiff repeats the above allegations as if set forth here.

21.   Some time prior to July 12, 2021, Plaintiff allegedly incurred an obligation to non-party Citizens Bank, N.A. ("Citizens Bank")

22.   The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically personal credit.

23.   The alleged Citizens Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Citizens Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to the Letter, Citizens Bank placed the debt with Defendant Global to collect upon.

26. Defendant Global collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<em>Violation – July 12, 2021 Collection Letter</em>

27. On or about July 12, 2021, Global sent Plaintiff an initial collection letter regarding the debt, originally allegedly owed to Citizens Bank. See Letter attached as Exhibit A.

28. The Letter states Principal Balance: $8,013.13.

29. The Letter further states, "As of the date of this letter, your Principal Balance is $8,013.13".

30. This is false.

31. $8,013.13 is not comprised exclusively of principal.

32. $8,013.13 includes interest.

33. $8,013.13 includes fees.

34. The amount of principal of the debt is less than $8,013.13.

35. The principal balance includes interest.

36. The principal balance includes fees.

37. To state that $8,013.13 represents principal only is therefore false, deceptive and unfair.

38. To imply that there is no interest or fees being collected is therefore false, deceptive and unfair.

39. Even if the interest and/or fees were added by Citizens Bank, the listed amount of principal is false or misleading.

40. Immediately after stating "your Principal Balance is $8,013.13", the Letter then states "Because of interest that may vary from day to day, the amount due on the day you pay may be greater".

41. This veiled threat about interest accruing served to enhance the false implication that the current balance does not contain any interest.

42. It makes it falsely appear as if this is Plaintiff's last chance to pay while the debt consists only of principal, before any interest is added.

43. Defendant deceptively tried to make it appear that no interest or fees are owed.

44. Defendant deceptively tried to make it appear that the principal balance does not include interest and/or fees making it appear that the principal owed is greater than reality.

45. By the time such an account is sent for collection, invariably there are interest or fees owed on the debt.

46. Plaintiff therefore knows that the balance on this letter includes interest and/or fees.

47. To state that there is no interest or fees owed is therefore false, deceptive and unfair.

48. As Plaintiff recalls, previous attempts at collection and/or statements demonstrated that there was interest and/or fees owed as part of the total balance.

49. Yet Defendant's current letter did not state this.

50. Plaintiff was unsure what to believe.

51. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable to interest.

52. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable to fees.

53. Plaintiff was uncertain as to the correct balance and how much, if any, of that amount is attributable principal.

54. Plaintiff was uncertain of the correct balance for the principal.

55. Plaintiff was uncertain of the correct balance for interest.

56. Plaintiff was uncertain of the correct balance for fees.

57. Plaintiff was misled as to her rights.

58. Defendants deceptively tried to make it appear that nothing was owed for interest or fees to make it appear that the balance consisted only of principal.

59. A debtor is more likely to be willing to pay principal only.

60. A debtor is more reluctant to pay for fees or interest.

61. Calling the entire balance "Principal" was merely a collection tactic to coerce Plaintiff to pay, or at least sow enough confusion creating an inability to determine what course of action would be in her best interests.

62. Plaintiff was therefore unable to make a payment on the debt.

63. Plaintiff therefore believed that the balance on this letter includes interest and/or fees.

64. Plaintiff also believed that the interest and fees balances are not both zero.

65. Plaintiff also believed that the $8,013.13 did not consist only of principal.

66. However, Defendant's Letter made her doubt these facts.

67. Plaintiff was no longer as certain as the Letter seemed to state otherwise.

68. The Letter has incorrect amounts listed.

69. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

70. Plaintiff was unable to pay because she does not know what comprises the actual balance.

71. Plaintiff cannot pay the alleged debt, trusting Defendant, when it appears that the amount stated in Defendant's letter is incorrect.

72. Because of this, Plaintiff expended time and effort in determining the proper course of action.

73. Plaintiff is not a deadbeat.

74. Plaintiff desires to pay her debts.

75. But she could not do so in light of the conflicting and incomplete information about the alleged debt.

76. Because she was unable to ascertain from the Letter the true balance and whether it was increasing, Plaintiff was unable to make payment thereon.

77. Defendant's conduct prevented Plaintiff from acting in the ways she would have otherwise acted had Defendant's letter not been improper.

78. Plaintiff suspected that this entire collection was fraudulent in whole or in part.

79. Plaintiff was unable to properly respond as it would be foolhardy for Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and fraudulent, and did not make sense.

80. Plaintiff spent time trying to figure out if the Letter was in fact just a scam or whether it was based on a real debt.

81. During this time, and because of this, Plaintiff suffered emotional harm due to Defendant's improper acts.

82. It seemed to Plaintiff that this was a possibly fraudulent collection.

83. It seemed to Plaintiff that someone was coming after her collecting on an incorrect debt.

84. It seemed to Plaintiff that the Letter did not explain how or why these amounts became conglomerated.

85. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

86. Defendant's deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

87. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

88. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

89. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

90. Defendant failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

91. Plaintiff has a right not be subject to collections actions that are deceptive, misleading, and harassing.

92. Yet Defendant's Letter was.

93. As a result of Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

94. Plaintiff repeats the above allegations as if set forth here.

95. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

96. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

97. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) as described above; and

   b. Impliedly threatening to take action, such as collecting a principal amount, that cannot legally be taken, in violation of 1692e (5) as described above; and

   c. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

98. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

99. Plaintiff repeats the above allegations as if set forth here.

100. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

101. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

102. Defendants violated this section by unfairly implying that no interest or fees were owed, when in fact one or both were allegedly owed, and by misstating the amount of principal owed.

103. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.

104. Plaintiff repeats the above allegations as if set forth here.

105. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

106. Pursuant to 15 U.S.C. § 1692g and initial collection communication must contain certain information, including "the amount of the debt".

107. Such debt collection communications may not overshadow or cloud the required information.

108. Defendant violated this section by improperly stating that the debt consisted exclusively of principal.

109. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

110. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shaindy Herzl, individually and on behalf of all others similarly situated, demands judgment from defendants Global as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 22, 2022                    Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 685
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*